# EXHIBIT   A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------------
DANIEL GARCIA,

Plaintiff,

**AMENDED COMPLAINT**

    -against-

EVANS DELIVERY COMPANY, INC., CENTURY
EXPRESS, A DIVISION OF EVANS DELIVERY
COMPANY, INC., TEXTAINER GROUP HOLDINGS
LIMITED, DIRECT CHASSISLINK INC., and
AMERICAN LUMBER CORPORATION, Inc.

**Index No. 27945/2020E**

Defendants.
--------------------------------------------------------------------X

    Plaintiff, DANIEL GARCIA ("Garcia" or "Plaintiff"), by his attorneys, JON L. NORINSBERG, ESQ., PLLC, complaining of the defendants, respectfully states as follows:

<b><u>JURY DEMAND</u></b>

    Plaintiff demands a trial by jury on all issues so triable.

<b><u>JURISDICTION AND VENUE</u></b>

    1.    This Court has personal jurisdiction over the defendants pursuant to CPLR §§ 301 and 302, in that the defendants cause harm to person and property within the State of New York.

    2.    This Court has jurisdiction over this action because the amount of damages Plaintiff seeks exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

    3.    Venue for this action is proper in the County of Bronx, pursuant to CPLR § 503, in that the plaintiff is a resident of the County of Bronx at the time of the commencement of this action.

<b><u>PARTIES</u></b>

    4.    Plaintiff DANIEL GARCIA is an individual currently residing the County of the

NYSCEF DOC. NO. 4

INDEX NO. 27945/2020E

RECEIVED NYSCEF: 08/05/2020

Bronx, in the City and State of New York.

5.      Plaintiff GARCIA owns his own tractor-trailer, a 2004 Freightliner truck, bearing license plate number 722859459.

6.      Defendant EVANS DELIVERY COMPANY, INC. ("EVANS"), was and still is a duly organized corporation existing under and by virtue of the laws of the State of Pennsylvania, with its principal place of business located at 100-110 West Columbia Street, Schuylkill Haven, PA 17972.

7.      Defendant EVANS is a shipping company, and contracted with plaintiff as an independent contractor to transport shipping containers.

8.      Defendant CENTURY EXPRESS, A DIVISION OF EVANS DELIVERY COMPANY, INC. ("CENTURY") was at all relevant times and still is a corporation duly organized and existing under and by virtue of the laws of the State of Florida, with its principal place of business located at 1335 Rockledge Boulevard, Rockledge, FL 32955.

9.      Defendant CENTURY is a wholly owned subsidiary of defendant EVANS, with their website claiming that "Century Express is a division of Evans Delivery."[1]

10.     Defendant CENTURY is a shipping company that contracted with plaintiff as an independent contractor to transport shipping containers.

11.     Defendant TEXTAINER GROUP HOLDINGS LIMITED ("TEXTAINER") was at all relevant times and still is a corporation duly organized and existing under and by virtue of the laws of the State of California, with administrative offices located at 650 California Street, San Francisco, California.

---

[1] http://centuryevans.com/

12.     Defendant TEXTAINER focuses on purchasing, leasing, and resale of marine cargo containers, and upon information and belief, owned the shipping container "No. TEMU6669283."

13.     Defendant DIRECT CHASSISLINK INC., ("CHASSISLINK") was at all relevant times and still is a corporation duly organized and existing under and by virtue of the laws of the State of North Carolina, with its principal place of business located at 3525 Whitehall Park Drive Suite 400 Charlotte, North Carolina.

14.     Defendant CHASSISLINK owned the trailer that connected plaintiff's vehicle to Container No. TEMU6669283.

15.     Defendant AMERICAN LUMBER CORPORATION ("AMERICAN LUMBER"), was at all relevant times and still is a corporation duly organized and existing under and by virtue of the laws of the State of New York, with its principal place of business located at 1 American Way, Walden, N.Y. 12586

16.     Defendant AMERICAN LUMBER hired defendants CENTURY and EVANS to transport a certain shipping container, Container/Trailer No. TEMU6669283.

**STATEMENT OF FACTS**

17.     On June 19, 2020, plaintiff DANIEL GARCIA traveled to the Port of Newark Container Terminal to pick up Container/Trailer No. TEMU6669283.

18.     Plaintiff GARCIA did so as an independent contractor for defendants EVANS and CENTURY.

19.     Container/Trailer No. TEMU6669283 was a container owned, operated, maintained, controlled and/or leased by defendant EVANS.

20.     Container/Trailer No. TEMU6669283 was a container owned, operated, maintained, controlled and/or leased by defendant CENTURY.

INDEX NO. 519445/2020E

NYSCEF DOC. NO. 4                                                           RECEIVED NYSCEF: 08/05/2020

21.     Container/Trailer No. TEMU6669283 was a container owned, operated, maintained, controlled and/or leased by defendant TEXTAINER.

22.     Container/Trailer No. TEMU6669283 was a container owned, operated, maintained, controlled and/or leased by defendant AMERICAN LUMBER.

23.     Plaintiff received Container/Trailer No. TEMU6669283 from the Port of Newark at approximately 3:00 PM on June 19, 2020.

24.     Thereafter, plaintiff GARCIA drove his tractor, which now included Container/Trailer No. TEMU6669283 as its trailer, to a truck yard owned by defendants EVANS and CENTURY, located at 215 Avenue L, Newark New Jersey, 12586 ("The Truck Yard").

25.     Container/Trailer No. TEMU6669283 was secured to plaintiff's 2004 Freightliner by a blue, 1995 Hyundai Trailer Bearing TN Registration U459432, Vin# 3H3C412S9ST014400 belonging to defendant CHASSISLINK ("The Trailer").

26.     Plaintiff left the tractor-trailer in The Truck Yard over the weekend, and on Monday, June 22, 2020, plaintiff planned on delivering the trailer to defendant AMERICAN LUMBER, located in Walden, New York.

27.     On Monday, June 22, 2020, at approximately 8:00 AM, plaintiff retrieved the tractor trailer from The Truck Yard, and started to drive to Walden, New York.

28.     Unbeknownst to plaintiff, Container/Trailer No. TEMU6669283 had been negligently, carelessly and improperly loaded by defendants, with the pallets being placed in a manner that made the entire container top-heavy and unstable.

29.     As plaintiff GARCIA was driving, he took a turn at a slow rate of speed, approximately fifteen (15) to twenty (20) miles an hour.

30.      The improper nature of Container/Trailer No. TEMU6669283's load caused the entire container to tip over, causing plaintiff's entire tractor-trailer to tip over and crash on its side.

31.      The entire tractor trailer went on its side and slid down the road. (Ex. A, Photos).

32.      Thereafter, plaintiff DANIEL GARCIA was rushed to the University Hospital, in Newark, N.J.

33.      As a result of the forgoing, plaintiff DANIEL GARCIA sustained severe, painful personal injuries, including, but not limited to, serious injuries to his neck, back, arms, and head; was rendered sick, sore, lame and disabled and so remains; was confined to, home and bed; was prevented from attending to his usual duties and occupation as a truck operator, resulting in substantial loss of earnings and impairment of future earning capacity; has lost and will continue to lose the enjoyment of life, and was obliged to seek and receive medical care and attention and will hereafter necessarily seek further medical care and attention in consequence of the injuries aforesaid, all to his damage in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Negligence)

34.      Plaintiff repeats and realleges each and every allegation set forth in the above paragraphs as if fully set forth herein.

35.      The aforesaid occurrence and the injuries and damages resulting therefrom were caused by reason of the negligence of defendant EVANS in the ownership, operation, maintenance, management and control of the aforesaid Container/Trailer No. TEMU6669283.

NYSCEF DOC. NO. 4

INDEX NO. 21945/2020E

RECEIVED NYSCEF: 08/05/2020

36.     The aforesaid occurrence and the injuries and damages resulting therefrom were caused by reason of the negligence of defendant CENTURY in the ownership, operation, maintenance, management and control of the aforesaid Container/Trailer No. TEMU6669283.

37.     The aforesaid occurrence and the injuries and damages resulting therefrom were caused by reason of the negligence of defendant TEXTAINER in the ownership, operation, maintenance, management and control of the aforesaid Container/Trailer No. TEMU6669283.

38.     The aforesaid occurrence and the injuries and damages resulting therefrom were caused by reason of the negligence of defendant AMERICAN LUMBER in the ownership, operation, maintenance, management and control of the aforesaid Container/Trailer No. TEMU6669283.

39.     The aforesaid occurrence and the injuries and damages resulting therefrom were caused by reason of the negligent loading of Container/Trailer No. TEMU6669283 by defendant EVANS.

40.     The aforesaid occurrence and the injuries and damages resulting therefrom were caused by reason of the negligent loading of Container/Trailer No. TEMU6669283 by defendant CENTURY.

41.      The aforesaid occurrence and the injuries and damages resulting therefrom were caused by reason of the negligent loading of Container/Trailer No. TEMU6669283 by defendant TEXTAINER.

42.     The aforesaid occurrence and the injuries and damages resulting therefrom were caused by reason of the negligent loading of Container/Trailer No. TEMU6669283 by defendant AMERICAN LUMBER.

INDEX NO. 27945/2020E
NYSCEF DOC. NO. 4                                                    RECEIVED NYSCEF: 08/05/2020

43.     The aforesaid occurrence and the injuries and damages resulting therefrom were caused by reason of the negligence of defendant DIRECT CHASSIS in the ownership, operation, maintenance, management and control of The Trailer, as set forth above.

44.     By reason of the foregoing and the negligent acts and omissions of the defendants as aforesaid, plaintiff DANIEL GARCIA sustained severe, painful personal injuries, including, but not limited to, serious injuries to his back, head, and knees; was rendered sick, sore, lame and disabled and so remains; was confined to, home and bed; was prevented from attending to his usual duties and occupation as a home health aide, resulting in substantial loss of earnings and impairment of future earning capacity; has lost and will continue to lose the enjoyment of life, and was obliged to seek and receive medical care and attention and will hereafter necessarily seek further medical care and attention in consequence of the injuries aforesaid, all to his damage in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION
**(Negligent Hiring/Retention/Supervision/Direction)**

45.     Plaintiff repeats and realleges each and every allegation set forth in the above paragraphs as if fully set forth herein.

46.     Defendant EVANS had a duty to ensure that the containers it operates and maintains are properly loaded and safe for transport.  Defendant EVANS entered into an express and/or implied duty to provide reasonably safe containers when Plaintiff was contracted to transport containers for defendant EVANS.

47.     Defendant CENTURY had a duty to ensure that the containers it operates and maintains are properly loaded and safe for transport.  Defendant CENTURY entered into an express and/or implied duty to provide reasonably safe containers when Plaintiff was contracted to transport containers for defendant CENTURY.

NYSCEF DOC. NO. 4                                    INDEX NO. 2745/2020E
                                                    RECEIVED NYSCEF: 08/05/2020

48.     Defendant TEXTAINER had a duty to ensure that the containers it operates and maintains are properly loaded and safe for transport.  Defendant TEXTAINER entered into an express and/or implied duty to provide reasonably safe containers when they provided shipping containers for transport.

49.     Defendant AMERICAN LUMBER had a duty to ensure that the containers it operates and maintains are properly loaded and safe for transport.  Defendant AMERICAN LUMBER entered into an express and/or implied duty to provide reasonably safe containers when they provided full shipping containers for transport.

50.     The tipping over of an improperly loaded shipping container is a foreseeable result of negligence.

51.     Defendant EVANS, negligently recruited, retained, directed, and supervised staff members and employees, and failed to ensure that its employees checked to make sure their shipping containers were safe for transport and that they were loaded properly.

52.     Defendant CENTURY, negligently recruited, retained, directed, and supervised staff members and employees, and failed to ensure that its employees checked to make sure their shipping containers were safe for transport and that they were loaded properly.

53.     Defendant AMERICAN LUMBER, negligently recruited, retained, directed, and supervised staff members and employees, and failed to ensure that its employees checked to make sure their shipping containers were safe for transport and that they were loaded properly.

54.     Defendant DIRECTCHASSIS had a duty to make sure that the trailers it rented out to its customers, including The Trailer leased by plaintiff, was in good, working order and that it could handle trailers whose loads shifted during transport. Defendant DIRECTCHASSIS entered into an express and/or implied duty to provide plaintiff with a reasonably safe trailer when they leased plaintiff The Trailer.

NYSCEF DOC. NO. 4                                                    RECEIVED NYSCEF: 08/05/2020

55.     Defendant DIRECTCHASSIS breached their duty by leasing plaintiff with an unsafe, improperly loaded trailer.

56.     As a direct and proximate result, Plaintiff has suffered and will continue to suffer the injuries described herein.

57.     By reason of the foregoing and the negligent acts and omissions of the defendants as aforesaid, plaintiff DANIEL GARCIA sustained severe, painful personal injuries, including, but not limited to, serious injuries to his back, head, and knees; was rendered sick, sore, lame and disabled and so remains; was confined to, home and bed; was prevented from attending to his usual duties and occupation as a home health aide, resulting in substantial loss of earnings and impairment of future earning capacity; has lost and will continue to lose the enjoyment of life, and was obliged to seek and receive medical care and attention and will hereafter necessarily seek further medical care and attention in consequence of the injuries aforesaid, all to her damage in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff DANIEL GARCIA demands judgment against the Defendants herein, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: New York, New York
       August 5, 2020

Yours, etc.

JON L. NORINSBERG, PLLC
*Attorneys for Plaintiff*
110 East 59th Street, Suite 3200
New York, New York 10022

NYSCEF DOC. NO. 4

INDEX NO. 127945/2020E
RECEIVED NYSCEF: 08/05/2020

**VERIFICATION**

STATE OF NEW YORK     )
                              ) ss.:
COUNTY OF NEW YORK  )

       The undersigned, an attorney admitted to practice in the courts of the State of New

York, affirms the following to be true under penalty of perjury:

       Affirmant is JON L. NORINSBERG, ESQ., attorney of record for plaintiff DANIEL

GARCIA, in the within action.

       Affirmant has read the foregoing and knows the contents thereof; the same is true to

affirmant's own knowledge, except as to the matters stated to be alleged upon information and

belief, and that as to those matters affirmant believes it to be true. This verification is made by

affirmant and not by plaintiff, DANIEL GARCIA, because he is not now located in the county

where affirmant's office is located.

       The ground of affirmant's belief as to all matters not stated upon affirmant's knowledge

are as follows: records in affirmant's possession.

Dated:  New York, New York
          August 5, 2020

                                  Jon L. Norinsberg, Esq.

RECEIVED NYSCEF: 08/05/2020



NYSCEF DOC. NO. 4

INDEX NO. 27945/2020E
RECEIVED NYSCEF: 08/05/2020





NYSCEF DOC. NO. 4

INDEX NO. 27945/2020E
RECEIVED NYSCEF: 08/05/2020

**Index No. 27945/2020E**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

DANIEL GARCIA,

                Plaintiff,

      -against-

EVANS DELIVERY COMPANY, INC., CENTURY EXPRESS, A DIVISION OF EVANS
DELIVERY COMPANY, INC., TEXTAINER GROUP HOLDINGS LIMITED, DIRECT
CHASSISLINK INC., and AMERICAN LUMBER CORPORATION, Inc.

                Defendants.

### AMENDED COMPLAINT

**JON L. NORINSBERG, ESQ., PLLC**
*Attorney for Plaintiff*
110 East 59th Street, Suite 3200
New York, NY 10022
Telephone (212) 791-5396